Good morning, and welcome to the Ninth Circuit. We have a couple of cases that will be submitted on the briefs, and I'll go ahead and submit them now. Chateau v. Martin, Abrera v. Newsom, Acudio v. Garland, and Spatz v. the Regents of the University of California have been submitted, and they'll be submitted as of this day. The first case for argument will be United States v. Turner. You may proceed. Thank you, Your Honor. Good morning. May it please the Court. Erin Kevorkian on behalf of George Turner. I'd like to reserve two minutes for rebuttal. I'll try to keep an eye on my clock. There are multiple reasons in this case that the district court should have granted suppression, but court permitting, today I would like to first and primarily focus on the Facebook warrants incorporation issue, and then second, if time remains, I will go ahead and turn to the residential warrants lack of probable cause. The reason I'd like to start with the incorporation issue, however, is because the government hasn't really contested that absent incorporation, the Facebook warrant is both fatally overbroad and insufficiently particular, and the government also hasn't really contested that if the Facebook warrant falls for this reason, no exception to the Fourth Amendment's warrant requirement applies. And so as I understand it, the government's incorporation claim really is at the outset critical to the government's position here, and yet the government did not provide the district court with the necessary underlying facts or supporting evidence in order to permit the district court to make this essentially factual finding. So this Court has long held, of course, that the proponent of the incorporation before the evidentiary hearing? So there are going to properly preserved or properly presented in front of the score, Your Honor. There's two reasons that this Court properly reaches the issue. No, I agree it's properly preserved. It's just the question was the issue raised before the evidentiary hearing so that the proper facts could have come out. I think it's fairly encompassed within Mr. Turner's claim where he's challenging the overbreath and the specificity of the warrant. I think in order for this Court to test the constitutionality of the warrant, you necessarily need to know what documents comprise the warrant. But even if this Court disagreed that Mr. Turner didn't raise that claim explicitly enough, of course, because we have the district court reaching a merits ruling in a written decision that ultimately undergirded its order, ultimately undergirded its order, it is before this Court for review. Yeah, I agree it's before the Court and probably before the Court. It's just a precise factual question of whether or not the affidavit was incorporated. That was not raised prior to the evidentiary hearing, correct? And so, therefore, the facts couldn't have been adduced. I think there's two reasons. Well, we so we maintain that Mr. Turner's claim was broad enough that it should have encompassed that. So to answer the Court's first factual question, even setting that aside, this is a situation where, as the proponent of incorporation, the government had the burden, by making this claim, asking the Court to expand beyond what the naked warrant was to provide the necessary evidence in order to permit the Court to do so. And so this Court, this Court is clear that it will not consider extrinsic documents to comprise part of the warrant, of course, unless that two-prong test is met. Of course, we don't. Do you concede that it was sufficient for the affidavit to be available to the officers executing the warrant? Yes, Your Honor. This Court has held that either attached or company or otherwise meaningfully available to the officers executing the warrant. So why isn't it clear that the affidavit was available to the searching officers? Certainly, Your Honor. There's a few reasons that's not clear. First of all, there's nothing by my reading of the record to indicate it was available. We don't have, for example, testimony from the affiant stating it was available. We don't have indications in his subsequent residential affidavit that he executed the search of the Facebook accounts with the affidavit available. We don't have other cases this Court has looked to a declaration. Was there a warrant return? There was a warrant return, Your Honor, and all that is listed is those. Who signed the warrant return? Was it the affiant? I will have to check that, Your Honor. I am not sure offhand. I'll come back with that citation. We don't know. We don't even know, as the magistrate judge noted, who ultimately executed what would be considered the warrant search. The magistrate judge noted that in the record it was clear that at some point Officer Jecks reviews information that's returned from Facebook, but we don't know whether he's even the officer that's conducting what would be the necessary segregating search in order to bring the warrant into compliance. So I think based on this record, Judge Cote, to circle back to your question, there's simply nothing that this Court can look to. There was certainly nothing that the district court could look to in order to make that finding, and it's telling that what the district court points to in its order is not record evidence. It's simply the government's assertion in its objection up from the magistrate judge's report and recommendation stating, without citation to evidence, of course, that the government's just saying that it accompanied the warrant. And so the district court judge found that evidence sufficient, of course, pursuant to multiple cases, precedential cases coming out of this court, Hodel, Van Damme, McGrew. That is not evidence. Don't those cases are all premised on the person who is being searched having a copy of the warrant and the Supreme Court in Grubbs basically overruled that requirement? Those cases – If you look at Van Damme, McGrew, Hodel, they're all sort of emphasizing how it's premised or what is feasible and that that person get a copy. And that's why it's important that the actual affidavit be accompanied with the warrant when the officers come to search. But that's no longer a requirement. Do you agree? I agree that that's no longer a requirement. However, those cases, that was not the only reason that this court relied upon for the importance of this second prong being met. So pre-Grubbs, this Court recognized certainly the basis that Your Honor mentioned, but also that the affidavit, and this is what this Court would continue to recognize and Grubbs certainly didn't undermine in any way, which is that the affidavit also serves as the tangible evidence to ensure that the limited scope and authority upon which the magistrate judge issued the warrant were in fact followed by the searching officers. And so there was kind of, in Hodel, Van Damme, and McGrew, there were two bases for the importance of a limiting affidavit when there's otherwise a deficient warrant. But in Van Damme and McGrew, there was no listing of the items to be seized at all. It just said, see the attachment. And I know, you know, you certainly disagree with the list of items to be seized as not being particular or specific enough, but at least that is in the warrant itself in this case, right? Yeah, I think that, I think, yes. I think, however, that that's kind of two separate questions encompass, or two separate premises there in the Court's question. I think the first question that I think the Court needs to focus on is really, as this Court described it, a threshold question of what documents comprise the warrant itself. And here, again, the government hasn't argued that absent incorporation, the, you know, three pages that we have of the Facebook warrant, although they list out these broad categories, are themselves deficient. And so I think the next stage for the Court to look at is, okay, well, if the government is saying that the affidavit cured here, was the affidavit properly incorporated? And so looking just at that second prong, I don't think that that actually touches on the categories that are present in the naked warrant so much, again, as if there is record evidence sufficiently demonstrating incorporation. Here, without that evidence, we submit that it's unsupported by the record, resulting in clear error. I want to reserve some time. Oh, go ahead. Go ahead, Judge Ko. Okay. You know, I can save this for rebuttal. Okay. Fine. Thank you. Thank you, Your Honor. Hold two minutes. Good morning. I may please the Court. Peter Walkinshaw on behalf of the United States. I'd also like to focus my time on the incorporation issue. And I think it really boils down to two separate issues why this Court should find that the affidavit was incorporated into the warrant. First, this was never put at issue below in the district court, not only before the evidentiary hearing, but after. In the government's objections to the magistrate's report and recommendation, the government set forth its basis for why the affidavit was incorporated into the warrant. And in the defense's response, defense did not contest that the affidavit was available to Officer Jecks, the searching agent, while he conducted the search. Instead, they responded that even with incorporation, the warrant is invalid. But if the district court addressed the issue, it's properly before us, right? Well, I think, Your Honor, there's a distinction to be made between this situation and the Scott-Anderson, the other cases cited in the defendant's briefs. In those cases, a motion, an untimely — in two of the cases cited, an untimely motion was made. And in Scott, it was an untimely government response. In each of those cases, the district court was allowed to develop a factual record necessary to determine the claim. So in Anderson, it was whether or not a private contractor for the Federal Protective Service was an officer of the United States sufficient under the charged statute. In Scott, the government basically put in an untimely response. So the forgiveness of the waiver in those cases involves the district court forgiving a waiver and allowing the courts to litigate the issue factually. This is much closer—this case is much closer to Guerrero, where a suppression motion was litigated in the district court, and then upon arriving at this court, the defendant said, an insufficient record has been made for the government to carry its burden on an issue that I did not raise before the district court. But the difference here, though, is the district court did make a pseudo-factual finding that it was incorporated, you know, based off of the government's representation. It did, Your Honor. I would say that— What are we supposed to do with that? I mean, I would say that I don't think that that finding is clearly erroneous given the nature of digital searches, like the one in this case, where Facebook returns the information to the officer, and the officer does the search at his leisure. It's the sort of thing— So are we allowed to just use the practice of, you know, Facebook as a search warrant execution? Well, I think when reviewing for clear error, Your Honor, I think this Court is allowed to make ordinary and reasonable inferences. And I think given the nature of digital searches, I think it would be more than fair for the Court to do so here. But if the Court were for any reason to find that that's not appropriate and that the factual record was insufficiently developed, the reason the factual record was insufficiently developed is because this issue wasn't put before the district court, and district courts do not have the time or the ability to litigate issues that the parties aren't contesting. But is it the government's burden to prove the sufficiency of the warrant or the validity of the warrant? The validity of the warrant. Well, Your Honor, the general rule is that pursuant to a warrant search, the defendant bears the burden of proving invalidity. Now, the defendant has cited McGrew, Hodel, and Van Damme as cases in which the defendant asserts that the government has a burden to make this record, kind of regardless of whether or not the defendant has properly raised the issue. And I think if you read those cases, I think beyond the subsequent development that Judge Koh brought up earlier, those cases are all kind of the flip side of here in which the government in each of those cases didn't really argue that the affidavit accompanied the warrant or was attached. In McGrew, they said there's no affidavit. Can I ask you a question? Please. Two questions, actually. So what case law authority do you have that for these digital searches there's a different rule for when an affidavit accompanies the warrant? You said that digital searches are different, therefore we treat them differently. What authority do you have for that? So, Your Honor, I'm not proposing a different rule. I'm proposing that different inferences can be drawn based on the fact that,  and need to have the physical document on them so that they can provide, as we discussed earlier, not necessarily affidavit but the warrant itself and do a search live at the property at the conclusion of which they need to return it to whatever non-seized property it is to the defendant for their quiet enjoyment. In a digital search, the vast majority of searches take place in police department offices where the officers have access to the computers in which they draft these warrants and affidavits. And so I think it's not so much that there's a different rule. The question is what reasonable inferences can we draw as to whether or not the affidavit is reasonably available to the searching agent. And when the search takes place at the location. You would agree an SDI Future Healthy agent actually had hard copies of the affidavit when they conducted the search. And I believe, Your Honor, if I'm not mistaken, that in those cases, I believe SDI was a live search and they brought the affidavit along, which is sort of the classic example of what's permitted here, if I'm not mistaken. Right. So how do we know that available just means you might have access to it versus you had a hard copy of it at the time you executed the search? Well, I suppose, Your Honor, I'm not sure that a hard copy wasn't available to you. I mean, he could have. I'm not really sure that it makes sense to draw a distinction between looking at an affidavit, a hard copy on an agent's phone or on a computer in the office. The purpose of the rule is to constrain the officer's discretion so that they're not just blindly searching about for anything that might be responsive to the warrant. As long as they have the information, it can be given to them, they can reference it, so they don't have to make a blind guess as to is this responsive to the warrant or not. Is there any evidence in the record that shows that the affidavit was the one that actually conducted the search? I'm looking at the warrant return, and it says this inventory was made by a bunch of digits. I don't know if that's linked to, or do you not know? I don't know offhand. I believe, and I'm going off this record site for memory, so if it's not correct, I apologize. But my memory is in the residential warrant. There's some description of the process and content of the Facebook search. It's very limited. But I believe at 3ER384, I believe is where we cite in our papers, Jax describes that he looked through the messages, and it goes on to say here's what he found. Again, I'm not entirely sure that the case rises and falls on whether or not Jax was actually the searching agent, although I think the record indicates that he is, because if questions were to arise while the search is taking place, there's no time pressure for the agents to release an apartment or a car back to a defendant. They're searching a file that's been given to them at their leisure at a later time. No, but if the affiant is the searching agent, then, I mean, we could strongly presume that he knew what he wrote. Yeah. I unfortunately don't have anything more to point the court to other than that record site and what's in our papers. Again, the record here is unfortunately limited because this issue wasn't brought up before the district court in a meaningful way. I think it would have been easy. If we don't agree with you on incorporation and you have to rely on the good faith exception, the good faith exception would only apply if the government showed actual reliance on the affidavit by the officers who executed the search, and you don't actually, there's no record here that would show that there was actual reliance, and you have a footnote in your brief that says, oh, the court's never required actual reliance on an affidavit to meet the second prong for incorporation into a warrant, which I agree on that point, but it just underscores that you're not even alleging actual reliance. So how could we, if we disagree with you on the incorporation point, how could we find a good faith exception applies? Well, Your Honor, I think this would be a fairly novel situation in which, if the court were to find that the district court clearly erred on the incorporation issue because what's in the record doesn't support the idea that it was available to the agent while they were searching at their leisure, that'd be a fairly novel holding, and I think it would be reasonable for officers to presume that, you know, sort of setting the record matters aside, that the fact that they could go and look at it is presumably available to them, that they, the fact that these documents exist on computers and there's just, I mean, I think that's a reasonable thing for them to assume that this, you know, this is a valid warrant, what they were doing was sort of pursuant to valid and ordinary procedures. I see him at time. I'm happy to answer any remaining questions to the court, but I don't want to overstep my bounds. Okay. Yes, thank you. All right. Thank you. Appreciate your time. Thank you, Your Honors. I'll go ahead and just touch on a couple of things that government counsel emphasized a few moments ago. I want to briefly circle back, and it seems to be a theme for the government that incorporation was never put at issue. Again, it was the government's claim. It was the proponent of incorporation, and this court is clear that if you're asking the district court judge to make a particular factual finding, especially on this issue, you then have the burden to put forth that evidence, and I would also note that the magistrate judge did put the government on notice that it hadn't provided the necessary evidence. Now, she didn't in the alternative because for this magistrate judge, it didn't make a difference for her. She found suppression warranted in any event, but nevertheless, the government had the information it needed to know it hadn't met its burden, and it still declined to do so. Let me ask you, the only sort of facts that are in the record that could speak to this, you know, the government relies on the affidavit for the residential search warrant to show that Officer Jecks was the officer who executed the Facebook warrant, and they quote his language where he says, you know, when the warrant was served to Facebook and the above information was received, I began my investigation while looking through Turner's private messages. I revealed information related to the crime of conspiracy to commit forgery. Also, the residential warrant shows that Officer Jecks was monitoring the Facebook post for about two months after service of the warrant, so why wouldn't that be enough? Your Honor, we know that it's... In addition to the government's assertion in a signed motion that the affidavit was available during the search. Certainly. Why isn't that enough? Certainly. So, I mean, as to the signed assertion, of course, this court, other circuits, the Supreme Court is clear that that's not evidence, but going more specifically to the record notations the government discusses, you know, the fact that Officer Jecks was conducting an investigation and at some point reviewed data from Facebook is not contested. I think the problem for the government's position here is that there's nothing in the record indicating that he was the one who first was part of the necessary segregating search and second, if he was, he did so with that affidavit available. You know, the government is asking this court to presume, well, of course, we live in a digital age, of course this affidavit was available, and I'd submit to the court that we don't know that's true on this record. Things get moved, altered, deleted, different computers used. There's all kinds of reasons that he may not have had this affidavit available and what's important here. Would you agree, though, if the affiant was the one that did the search, which the residential warrant seems to suggest that he was, that we could presume that he had access to the affidavit? No, Your Honor. And, in fact, in Hodel and McGrew. Well, he wrote it. In Hodel and McGrew, the affiant was part of the search, and this court still held that there was no evidence that the affidavit was available to the officers at that time. And I'd also like to underscore how easy, at least based on the government's representations here today, how easy it should have been for the government to meet this burden if it's so sure that the affidavit was available. They had Officer Jecks at the evidentiary hearing testify and didn't ask him one question about that. Again, could have submitted a declaration, as this court has looked to in the past. I think at bottom, you know, we can go through and list all the pieces of evidence that could have been there that are missing, but what this court cannot do and what the government invites it to do is make an assumption based on a dearth of evidence. I see I'm over my time. Unless the court has any further questions, we'd ask for reversal. Thank you. Thank you, counsel. This case is submitted.
judges: BUMATAY, KOH, DESAI